WESTERN DIST.
*August*, 1834.

REGILLO ET ALS.
*vs.*
LORENTE ET ALS.

## REGILLO & BRYAN *vs.* LORENTE ET ALS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where a suit is brought against A, for illegally retaining possession of a
note, and against B, the obligor, included in the same suit, and judgment
is asked against the first, to compel a surrender or payment of the note,
and the latter also for its amount; the causes of action are different, and
judgment may well be taken against the first, while the case is continued
as to the latter.

In an action against A for a *tort*, and B on a contract, it is not a joint action,
although both parties were brought before the court at once, in the
same suit.

The plaintiffs sue as the administrators of the succession of
Policarpio Regillo, which was opened in the parish of East
Feliciana, on a note of one thousand one hundred and seventy-
one dollars, dated 7th January, 1832, and executed by the
firm of John Crenan & Co., composed of John Crenan
and John Swift; that Swift is the surviving partner of
said firm, residing in the parish of West Feliciana, and
charged with its liquidation; that Madame Lorente, residing
in East Baton Rouge, has possession of said note, and claims
it as her own, by an assignment from the deceased payee;
they allege, that she has no right or title to the said note, and
that it has never been legally assigned to her, but belongs to
the succession which they administer. They pray judgment
against the defendant Lorente, for the restoration of the note,
or its amount; and against Swift, as the surviving obligor in
the note, for the sum of one thousand one hundred and
seventy-one dollars, with interest thereon, at ten per cent. per
annum, from the first of January, 1831, until paid.

*Swift* appeared and answered, admitting the execution of
the note, and that he was willing to pay it, when it was
decided to whom he was to make payment; and prayed for
general relief, &c.

Madame Lorente failed to appear, and judgment was taken against her by default, and no answer having been put in, final judgment was rendered against her alone, as follows, to wit: "In this case, judgment by default having been entered, and full three days having elapsed, the plaintiff proceeded to the proof of the allegations in the petition, and having established thereby, satisfactory evidence, and the court considering that they are legally entitled to recover, in manner and form, against Madame Lorente, as they have prayed," &c. She was then decreed to deliver up the note in question, to the clerk, within ten days after notification of judgment, for the benefit of the plaintiffs; and in default thereof, to pay the amount thereof and interest. At the trial, the death of Swift one of the defendants, being suggested, Alexander Barrow his executor, was ordered to be made party defendant in his stead, and the cause continued for his answer.

The counsel for Madame Lorente, came into court after final judgment was rendered, but before signing it, and moved for a new trial, on the following grounds:

1. The final judgment was prematurely taken. 2. The judgment of the court is not supported by the evidence adduced. 3. Judgment could not be rendered against one of the defendants alone, they being sued jointly. 4. Judgment is contrary to law and evidence.

The district judge considered, that there was no law, authorising a motion for a new trial, after a judgment by default had been made final; at any rate it was a motion addressed to the sound discretion of the court. It was overruled, and the defendant Lorente appealed.

*Turner*, for the plaintiff.

*T. G. & M. Morgan*, for defendant and appellant, made the following assignment of errors, as appearing on the face of the record.

1. The plaintiffs sued as administrators, and did not give in evidence the letters of administration, or any evidence to show that they were in fact administrators.

2. It appears from an inspection of the record, that there was no evidence, showing the property of the administrators in the note sued on.

3. It was not sufficient to show, merely that the defendant was in possession of the note in suit, but they were bound to show title in themselves, before they could recover judgment.

4. The death of Swift had been suggested by the plaintiffs, and no proceeding could be legally had against Madame Lorente, until Swift's executor had been made party to the suit ; the action being joint, and not joint and several.

*Bullard, J.,* delivered the opinion of the court.

This case is before us, on assignment of error. The two first assignments relate to matters, which might have been cured by evidence, in the court below, and consequently cannot be examined in this court, without a statement of facts. The third error assigned is, that the death of Swift had been suggested by the plaintiffs, and no proceedings could be had legally against Lorente, until Swift's executor had been made party to the suit, the action being a joint one, and not joint and several.

It does not appear to us the court erred. The action was against Lorente, for illegally retaining possession of the note, and against Swift the obligor. The judgment asked against the first was, that she should surrender the note to the plaintiffs, the latter, that he should pay it to them. The causes of action were different, and judgment in favor of Lorente, would necessarily preclude the recovery against Swift, because it would show that the note belonged to her, and not the plaintiff. The action against the one, was for a *tort ;* against the other, on a contract. It was not therefore a joint action, although both parties were brought before the court at once. The question, which of the two was entitled to possession of the note, might well be contested, without the presence of the obligor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

Where a suit is brought against A, for illegally retaining possession of a note, and against B, the obligor, included in the same suit; and judgment is asked against the first to compel a surrender, or payment of the note, and the latter also for its amount, the causes of action are different, and judgment may well be taken against the first, while the case is continued as to the latter.

In an action against A for a *tort*, and B on a contract, it is not a joint action, although both parties were brought before the court at once in the same suit.